■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL MININNI, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, the relator-appellant moves to dispense with printing and for assignment of counsel on appeal from judgment of the Supreme Court, Dutchess County, entered May 20, 1964, dismissing the writ and remanding him to the custody of the respondent. In this proceeding the relator seeks to vacate the same 1950 judgment of conviction sought to be vacated by him on his motions [Case No. 17 and Case No. 18]. This motion and relator's appeal from the said judgment of May 20, 1964 are dismissed as academic in view of the granting of relator's prior motion to reverse the said 1950 judgment (see *People* v. *Mininni*, 21 A D 811). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOE ROGERS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 5, 1963 on his plea of guilty, convicting him of assault in the second degree with intent to commit the crime of incest, and imposing sentence. Judgment reversed on the law and the facts; and defendant's motion to withdraw his plea of guilty and to substitute a plea of not guilty to the indictment, granted; and action remitted for trial. At the time of sentence, but before the sentence was pronounced, defendant moved to withdraw his prior guilty plea. Under the circumstances here disclosed, it is our opinion that it was an improvident exercise of discretion to deny defendant's motion to withdraw his guilty plea and to substitute a plea of not guilty. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL WALSH, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, dated November 13, 1963, which denied without a hearing his application to vacate a judgment of said court rendered May 8, 1959 on his plea of guilty, convicting him of forgery in the second degree, and imposing sentence. On the basis of such conviction, defendant was sentenced by the same court on April 21, 1960 as a second felony offender upon his conviction of another crime. Order affirmed. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.